UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE FRAZIER, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | No. 1:17-cv-00501-JLT (HC) <br><br> **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** <br><br> **[TWENTY-ONE DAY DEADLINE]** |

Petitioner filed a federal habeas petition on April 5, 2017. He filed a First Amended Petition on April 20, 2017. He challenges a December 30, 2010, conviction in Tuolumne County Superior Court of felony diversion of construction funds. It appears Petitioner is no longer in custody. Petitioner will be ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Lack of Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he *is in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added.)  Thus, in order to obtain habeas relief under 28 U.S.C. § 2254(a), the petitioner must demonstrate that he is "in custody" at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998).  If he is not "in custody," the Court is without jurisdiction to entertain the petition. Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).  In addition to the petitioner being in custody when the petition is filed, his claim must assert the right to be released. U.S. v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (as amended).  In addition to incarceration, a person who is on parole or probation at the time he files his federal habeas petition satisfies the custody requirement. Jones v. Cunningham, 371 U.S. 236, 240-43 (1963).

In this case, Petitioner states he was sentenced to sixty days with thirty actual days served on March 9, 2011.  He was also sentenced to five years' probation.  Because his petition was not filed until April 5, 2017, it appears he has completed his sentence.  In addition, he does not claim immediate release from custody.  Therefore, it appears that he is not in custody and that the Court is without jurisdiction.

**ORDER**

Accordingly, the Court **ORDERS** Petitioner to SHOW CAUSE within twenty-one days why the petition should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 9, 2017**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2